**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM DIVISION**

| | | |
|---|---|---|
| GOOD MAN PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No.: <u>9:14-cv-81507-KAM</u> |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE subscriber assigned IP address | ) | |
| 71.196.86.255, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT JOHN DOE'S OMNIBUS MOTION AND INCORPORATED MEMORANDUM OF LAW THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVER[Y]; (2) ISSUE AN ORDER TO SHOW CAUSE; (3) DISMISS ACTION; (4) QUASH OUTSTANDING NON-PARTY SUBPOENA; AND (5) ENTER A PROTECTIVE ORDER**</u>

## I.      INTRODUCTION

Defendant's Motion seeks various grounds for relief, none of which should be granted. First, Defendant failed to demonstrate that reconsideration of this Court's order granting Plaintiff leave to take early discovery is appropriate.  This Court has previously held that reconsideration is generally only appropriate when any one of three circumstances is present.  None of those three conditions is present in this case.  Further, Defendant's Motion fails to recognize that Plaintiff has no alternate means to identify the infringer.  Plaintiff must obtain the subpoena response in order for this case to proceed and even if the internet subscriber is not the infringer, the subscriber's identity is relevant and discoverable under Rule 26.  Next, no show cause order should be issued and the Court should not dismiss the complaint.  Plaintiff's reliance on proven geolocation technology is not improper and Plaintiff's complaint states a plausible claim for relief under Supreme Court precedent.  Similarly, the Court should deny Defendant's request for

a protective order as Defendant has failed to satisfy Rule 26.  The allegations in Plaintiff's complaint are not embarrassing or annoying within the meaning of the rule.  Finally, Defendant failed to argue a legally cognizable reason under Fed. R. Civ. P. 45 to quash the subpoena.  For the foregoing reasons Plaintiff respectfully requests this Court deny the subject motion.

## II.    ARGUMENT

### A. The Court Should Not Vacate or Reconsider Its Order Granting Plaintiff Early Discovery

Defendant argues that the Court should reconsider or vacate or both its Order Granting Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (CM/ECF 7) because Plaintiff has purportedly not "(1) identified the missing party with sufficient specificity; (2) identified all previous steps taken to locate the allegedly elusive defendant; or (3) demonstrated that a reasonable likelihood of identifying the defendant through discovery such that service of process would be possible."  Motion, p. 3.  He further states that the Court "has the authority to change its mind pursuant to Fed. R. Civ. P. 54(b) and reconsideration is appropriate in this case."  *Id.*  Defendant's argument fails on numerous grounds.

First, Defendant's motion ignores that, at present, Plaintiff has no other way to identify the Defendant.  Plaintiff must obtain the subpoena response in order for this case to proceed – there is no alternate means to identify the infringer and Defendant does not argue to the contrary. Further, even if the subscriber is not the infringer, the subscriber's identity is clearly relevant and discoverable under Rule 26.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including . . . the identity and location of persons who know of any discoverable matter.")  "Although the information sought by the subpoenas might not be dispositive of the true identities of the alleged

infringers, it is reasonably calculated to lead to the discovery of information necessary to allow plaintiff to ascertain their true identities." *Malibu Media, LLC v. John Does 1-11*, 2013 WL 1504927, at *5 (D.N.J. 2013).  *See also Malibu Media, LLC v. John Does 1-9*, 8:12-cv-00669-SDM-AEP, CM/ECF 25, at p. 4 (M.D. Fla. July 6, 2012) (same, denying motion to quash); *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 at *4 (C.D. Ill. 2012) (same); *Malibu Media, LLC v. John Does 1-15*, 2012 WL 3089383 at *9 (E.D. Pa. 2012) (denying motion to quash subpoena in similar BitTorrent copyright infringement case holding that the relevancy standard was satisfied); *Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 at *5 (N.D. Ill. 2013) (same); *Malibu Media, LLC v. John Does No. 1-30*, 2012 WL 6203697 at *4 (D.N.J. 2012) (same).  Because Plaintiff has no other way to identify the infringer and the information subpoenaed is clearly relevant, this Court should not reconsider or vacate its order granting Plaintiff leave to subpoena Defendant's ISP.

Second, Defendant has failed to demonstrate that reconsideration of the Court's order is appropriate in this case.  "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Kowallek v. Prestia*, 2008 WL 1968793, at *1 (S.D. Fla. 2008) (*citing Cover v. Wal-Mart Stores, Inc.,* 148 F.R.D. 294, 295 (M.D.Fla.1993)).  None of the foregoing is present here.  There has been no intervening change in controlling law, no new evidence has become available, and there is no clear error or manifest injustice in allowing Plaintiff to obtain the identity of the internet subscriber assigned the IP address that infringed Plaintiff's copyrighted movie.

Finally, Defendant's reliance on Fed. R. Civ. P. 54(b) is misplaced.  Rule 54(b) applies only when "an action presents more than one claim for relief – whether as a claim, counterclaim,

3

crossclaim, or third-party claim – or when multiple parties are involved . . ." *Id.*  Here there is a single claim for direct copyright infringement against a single Defendant so the rule is inapplicable.  Further, this Court's order on Plaintiff's motion for leave to take early discovery is not a "judgment" within the meaning of Rule 54 since "judgment" is defined as "a decree and any order from which an appeal lies."  Fed. R. Civ. P. 54(a).  No appeal lies from the decision to grant early discovery.  Defendant's arguments in support of his request to reconsider or vacate the order granting early discovery fail and the Court should deny Defendant's motion.

### B.  The Court Should Not Issue an Order to Show Cause or Dismiss the Complaint

Next, Defendant asserts that this Court should follow Judges Ungaro and Moreno and issue an order to show cause or dismiss the complaint because Plaintiff relied on geolocation technology to trace Defendant's IP address to a location within this district.  Significantly, while Defendant attempts to impugn the geolocation technology used by Plaintiff, he *never* denies being located in this district or even attempts to show that Plaintiff's geolocation technology failed in this instance.  Further, on a motion to dismiss the Court must accept Plaintiff's allegations that Defendant, as the subscriber of the IP address used to commit the infringement, is the infringer.

This Court should not follow the cases cited by Defendant and dismiss Plaintiff's complaint because those orders failed to consider that the complaint pled that the defendant, the subscriber of the IP address used to infringe the movies at issue, was the infringer and that the allegations were plausible under Supreme Court precedent.  Here, Plaintiff has also pled that the Defendant is the infringer and the allegations are plausible.  "A claim is facially plausible when the court can draw 'the reasonable inference that the defendant is liable for the misconduct alleged' from the pled facts."  *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1326 (11th Cir. 2012).

"Factual allegations [are] enough to raise the right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Piscatelli v. Nationstar Mortgage, LLC*, 2013 WL 7137480 (S.D. Fla. Dec. 3, 2013).    Indeed, numerous courts have held that similar complaints alleging direct copyright infringement though the BitTorrent protocol state plausible claims for relief.  *See e.g. Good Man Prods., Inc. v. Doe*, 2015 WL 310603, at *2 (M.D. Fla. 2015) ("Plaintiff has made a prima facie showing of copyright infringement."); *Countryman Nevada, LLC v. Pitts*, 2014 WL 7178077, at *2 (M.D. Fla. 2014) ("the district courts that have been presented with the same facts and circumstances presented here are nearly unanimous in concluding that such factual allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss."); *Malibu Media, LLC v. Doe*, 2013 WL 5876192, at *2 (E.D. Wis. 2013) ("plaintiff has alleged enough to at least proceed to discovery and determine whether it can prove that it was the defendant who used the Internet connection to distribute the movies.")

Judge Moody from the Middle District of Florida recently disagreed with the orders relied upon by Defendant when ruling on a nearly identical motion filed by defense counsel in a similar case.  *See Malibu Media, LLC v. Roldan*, 2014 WL 3805494 (M.D. Fla. Aug. 1, 2014). "While it may be true that the IP subscriber . . . is not undoubtedly the infringing individual, the Plaintiff's burden at this stage is only to demonstrate plausibility." *Id.* at *2.  Judge Altonaga of the Southern District of Florida held similarly.  *See Malibu Media v. John Doe*, 14-cv-20393, CM/ECF 21, at p. 3 (S.D. Fla. July 17, 2014) (same) (Exhibit A).  *See also Malibu Media, LLC v. Doe*, 2014 WL 5599105, at *2 (M.D. Fla. Nov. 3, 2014) ("the connection between the alleged acts of infringement and the owner of the Internet account (identified by proxy through the IP address) is sufficient to support a claim for relief that is plausible[.]")[1]

---

[1] *See also Malibu Media, LLC v. Pelizzo*, 2012 WL 6680387 at *1 (S.D. Fla. 2012) ("Having carefully reviewed the allegations in the Complaint and the applicable authorities, the Court will deny the Motion because the Complaint

Defendant relies on the Honorable Judge Ungaro's previous ruling, which held "Plaintiff has not shown how this geolocation software can establish the identity of the Defendant. There is nothing that links the IP address location to the identity of the person actually downloading and viewing Plaintiff's videos, and establishing whether that person lives in this district." *See Malibu Media v. John Doe*, 1:14-cv-20213-UU (S.D. Fla. March 20, 2014) ("Malibu Media Ruling").

> Even if this IP address is located within a residence, the geolocation software cannot identify who has access to that residence's computer and who would actually be using it to infringe Plaintiff's copyright. The Court finds that Plaintiff has not established good cause for the Court to reasonably rely on Plaintiff's usage of geolocation to establish the identity of the Defendant.  The Court also finds that Plaintiff has not established good cause as to why this action should not be dismissed for improper venue.

*Id*.  Judge Ungaro then dismissed the case on the basis of <u>failing to establish proper venue</u> and because geolocation software cannot identify the infringer.

Judge Ungaro's holding cannot be applied to this case to assert improper venue because venue is proper.  28 U.S.C. §1400, the statute dictating venue in copyright cases, states: "(a) Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found."  *Id*.  Here, Defendant has not contested venue arguing he or she does not reside or cannot be found in this District.  And, Plaintiff's geolocation software has been accurate in over 99% of the cases filed.  Complaint, CM/ECF 1, at ¶ 6.  That there is

---

adequately states a claim for copyright infringement."); *Malibu Media v. Roy*, Case No. 12-cv-617 (W.D. Mich.) (denying 12(b)(6) motion); *Malibu Media v. Pratt*, 1:12-cv-00621-RJJ, CM/ECF 31 (W.D. Mich. March 19, 2013) (same); *Malibu Media, LLC v. John Doe*, 2:13-cv-11446-AJT-DRG, CM/ECF 13 (E.D. Mich. Oct. 18, 2013) (same); *Malibu Media, LLC v. Lowry*, 2013 WL 6024371, at *5 (D. Colo. 2013); *Malibu Media, LLC v. John Doe 1*, 2013 WL 30648 at *4 (E.D. Pa. 2013) (same); *Malibu Media, LLC v. Killoran*, 2:13-cv-11446-AJT-DRG, CM/ECF 13 (E.D. Mich. Oct. 18, 2013) (same); *Malibu Media, LLC v. John Doe*, 2:13-cv-00055-JVB-JEM, CM/ECF 22 (N.D. Ind. August, 16, 2013);  *Malibu Media LLC v. Doe*, 2013 WL 3945978 (E.D. Mich. 2013) (same); *Malibu Media LLC v. Gilvin*, 2014 WL 1260110 (N.D. Ind. Mar. 26, 2014) (same); *Malibu Media, LLC v. Sanchez*, 2014 WL 172301 (E.D. Mich. Jan. 15, 2014) (same); *Malibu Media, LLC v. Butler*, 13-cv-02707-WYD-MEH, CM/ECF 31 (D. Colo. April 24, 2014).

some possibility that another individual committed the infringement does not make venue in this case improper.

Further, geolocation technology is not being used to identify the Defendant; the Internet service provider's business records will be used to do so.  The statement "[t]here is nothing that links the IP address location to the identity of the person actually downloading and viewing Plaintiff's videos, and establishing whether that person lives in this district" is simply not true.  Plaintiff pled that the person actually downloading and viewing Plaintiff's movies is the subscriber and owner of the IP address.  This allegation is not only plausible, it is true in the vast majority of BitTorrent cases filed by undersigned's office.  *See Malibu Media, LLC v. Doe*, 2013 WL 5876192, at *2 (E.D. Wis. 2013) ("there is a nonnegligible probability that the person who signed up for the Internet service is the one who actually used the service to distribute [plaintiff's] movies.")

Respectfully, the cases relied upon by Defendant erred by finding that venue was not established because the Defendant may not be the infringer.  These cases ignore that Plaintiff does not need to prove at this stage that Defendant is the infringer and Plaintiff properly established venue over the Defendant.  "[Defendant] seems to argue that [plaintiff] must, at this stage, put forth actual proof that [Defendant] has a BitTorrent Client on his computer or he copied the Work. [Defendant] demands too much too soon; proof is not required to properly plead a claim for copyright infringement."  *Malibu Media, LLC v. Harris*, 2013 WL 3780571 (S.D. Ind. 2013).  *See also Malibu Media, LLC v. Doe*, 2013 WL 5876192, at *2 (E.D. Wis. 2013) ("at the pleading stage certainty is not required.").

Toward that end, the Eastern District of Pennsylvania also rejected the Honorable Judge Ungaro's holding.  "The arguments that John Doe raises concerning the link between the actual

infringer and the IP address or MAC address do not undermine the plausibility of [plaintiff's] claim or defeat that claim as a matter of law -- rather, John Doe raises factual issues about identity more properly dealt with during discovery." *Malibu Media v. John Doe*, 2:14-cv-01280-SD, CM/ECF 9, at p. 3 (E.D. Pa. May 19, 2014) (attached as Exhibit B). The Court then found that the plaintiff had made a *prima facie* showing of venue by using geolocation technology. "[A] defendant 'may be found' wherever he is amenable to personal jurisdiction,' and [plaintiff] has made a prima facie showing of personal jurisdiction by alleging its geolocation software places the defendant within this district." *Id.* (internal citations omitted).

### C. A Protective Order is Unnecessary

Defendant also requests entry of a protective order because he is "basically computer illiterate and not the copyright infringer alleged," and also "to protect John Doe from significant annoyance and embarrassment." Motion, p. 5. Defendant asserts that he is "annoyed and embarrassed that [his] internet is alleged to have been used to commit copyright infringement" and also that he is "annoyed and embarrassed this case catapults [his] family struggles into the public eye[.]" Motion, p. 5.

Under Rule 26(c) protective orders may be issued "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). To demonstrate good cause "the movant has the burden of showing the injury 'with specificity.' In other words, the party seeking the protective order must . . . demonstrate[e] a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (citations omitted). Here, Defendant has asserted nothing more than a broad unsubstantiated potential harm if his identity is released to Plaintiff

and subsequently to the public.   The allegations contained in Plaintiff's complaint, that Defendant downloaded a mainstream Hollywood action movie, are not embarrassing.   And, to the extent that Defendant asserts that he is "annoyed and embarrassed this case catapults [his] family struggles into the public eye," Defendant is the one that catapulted his family issues into the public by including them in his Motion, not Plaintiff.   Had Defense counsel conferred with Plaintiff's counsel prior to filing the instant Motion an agreement could likely have been reached to keep certain information from entering the public record.[1]   Defendant's self-imposed harm does not warrant a protective order.

### D.  The Court Should Not Quash the Subpoena

Fed. R. Civ. P. 45(d)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a person to comply beyond the geographical limits specified in Rule 45(c); requires disclosure of privileged or other protected matter, if no exception or waiver applies; or, subjects a person to undue burden.  *See Fed. R. Civ. P. 45(d)(3)(A)(i-iv)*.  The Rule also provides for circumstances in which a court *may* modify or quash a subpoena.  These circumstances are when the subpoena requires disclosure of trade secret or other confidential research, development, or commercial information; or disclosure of certain expert opinions.  *See Fed. R. Civ. P.  45(d)(3)(B)(i-ii)*.  "The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements under Rule 45(d)(3)." *Malibu Media, LLC v. Doe*, 2014 WL 5599105, at *3 (M.D. Fla. 2014).

Here, Defendant has not provided a legally cognizable reason to quash the subpoena under Fed. R. Civ. P. 45.   Indeed, Defendant's motion fails to even mention the governing Federal Rule.  Further, to the extent that he asserts that he is not the infringer and that his internet

---

[1] Defense counsel included a certification stating that he attempted to confer with Plaintiff's counsel prior to filing the instant Motion.   To the best of undersigned's knowledge, he called once on the morning of January 22, 2015. By the time an attorney from this office was able to call him back the Motion had already been filed.

could have been used by others to commit the infringement, arguments that go to the merits of Plaintiff's complaint are premature and have no bearing on a motion to quash. "If Doe is contesting whether he actually downloaded entire files, such arguments go to the merits of the action and are 'not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit.'" *Malibu Media, LLC v. Doe*, 2014 WL 1228383 (N.D. Ill. 2014) (quoting *First Time Videos, LLC v. Does 1–500,* 276 F.R.D. 241, 251 (N.D. Ill. 2011). *See also Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 517 (N.D. Ind. 2012) (defenses and denials of liability "do not address the propriety *vel non* of the subpoenas" and are therefore "irrelevant and premature."). Having failed to satisfy his burden of establishing at least one of the requirements of Rule 45, this Court must deny Defendant's Motion and not quash the subpoena.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny the subject Motion.

DATED: February 5, 2015.

Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 5, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:     /s/ *M. Keith Lipscomb*