UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81507-CIV-MARRA/MATTHEWMAN

GOOD MAN PRODUCTIONS, INC.,

    Plaintiff,

v.

JOHN DOE, a subscriber assigned IP address
71.196.86.255,

    Defendant.
_____/



FILED by ___ D.C.

MAR 16 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING IN PART DEFENDANT'S OMNIBUS MOTION [DE 9] AND REQUIRING RESPONSE TO ORDER TO SHOW CAUSE FROM PLAINTIFF

THIS CAUSE is before the Court upon Defendant, John Doe, a subscriber assigned IP address 71.196.86.255's ("Defendant") Omnibus Motion and Incorporated Memorandum of Law that the Court: (1) Reconsider Its Order Granting Early Discovery; (2) Issue an Order to Show Cause; (3) Dismiss Action; (4) Quash Outstanding Non-Party Subpoena; and (5) Enter a Protective Order ("Motion") [DE 9]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 6. Plaintiff, Good Man Productions, Inc. ("Plaintiff"), has filed a response to the Motion [DE 11], and the time for a reply has passed. This matter is now ripe for review.

### BACKGROUND

On or about December 2, 2014, Plaintiff filed a Complaint alleging that Defendant directly infringed on its property rights pursuant to the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq.* [DE 1]. Specifically, Plaintiff alleges that Defendant downloaded a

1

movie owned by Plaintiff through Bit Torrent.  *Id.*  On December 11, 2014, Plaintiff filed its Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [DE 5].  In the motion, Plaintiff sought to serve a Federal Rule of Civil Procedure 45 subpoena upon Defendant's ISP to ascertain the true name, address, telephone number, and email address of Defendant.  *Id.*  The Court granted Plaintiff's motion by Order dated December 12, 2014 [DE 7].  The Court found that Plaintiff had established good cause to serve the third party subpoena upon Comcast Cable and required that Plaintiff only use the information disclosed in response to the subpoena for the limited purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.  *Id.*

In the John Doe Defendant's Motion, he asserts that the Court should vacate its December 12, 2014 Order as Plaintiff has failed to identify the missing party with sufficient specificity, has failed to identify all previous steps taken to locate the allegedly elusive Defendant, and has failed to demonstrate that Plaintiff will be reasonably likely to be able to identify Defendant through discovery such that service of process will ultimately be possible. [DE 9].  The John Doe Defendant argues that he does not even use a computer and that his two children, spouse, and many others, including medical professionals, neighbors, and cleaning professionals and their teenage children, also have access to the internet at his home.  *Id.*  He further asserts that the IP address does not establish whether he actually resides in the Southern District of Florida.  *Id.*  Finally, the John Doe Defendant contends that he is entitled to a protective order to protect him from annoyance and embarrassment.  *Id.*

In its response to Defendant's Motion, Plaintiff first contends that it has no way to identify the John Doe Defendant other than by serving a subpoena on Defendant's ISP.  [DE 11]. Plaintiff also asserts that even if the subscriber is not the actual infringer, his identity is relevant

and discoverable under Federal Rule of Civil Procedure 26. *Id.* Next, Plaintiff argues that Defendant has failed to demonstrate that reconsideration of the Court's Order is proper in this case. *Id.* Plaintiff contends that the Complaint should not be dismissed as Plaintiff properly alleged in the Complaint that Defendant was the infringer, and the allegations are plausible under Supreme Court precedent. *Id.* It asserts that Defendant has not contested venue and that geolocation technology is not being used to identify Defendant, but rather the ISP's business records will be used to do so. *Id.* With regard to Defendant's request for a protective order, Plaintiff explains that "Defendant has asserted nothing more than a broad unsubstantiated potential harm if his identity is released to Plaintiff and subsequently to the public." *Id.* Finally, Plaintiff argues that Defendant has failed to provide a "legally cognizable reason to quash the subpoena" under Federal Rule of Civil Procedure 45. *Id.*

## DISCUSSION

The issue here is whether Plaintiff has the right to early discovery, that is, the issuance of a Rule 45 Subpoena to Comcast Cable prior to a Rule 26(f) Conference in order to determine subscriber information relative to IP address 71.196.86.255. On December 12, 2014, the undersigned entered an Order which granted such early discovery [DE 7]. However, the John Doe Defendant has now requested that the undersigned reconsider that Order, quash the Rule 45 Subpoena to Comcast, and enter further relief [DE 9]. Plaintiff, of course, opposes reconsideration or that grant of any of the relief sought by the John Doe Defendant [DE 11].

In support of their respective positions, both parties attached to their motion and response copies of unpublished orders issued by district courts in the Southern District of Florida which address the propriety of the court issuing a subpoena to an internet service provider prior to a Rule 26(f) conference based upon a John Doe copyright infringement complaint. Defendant attached

3

an Order in *Malibu Media, LLC v. John Doe*, Case no. 14-cv-20213-UU (S.D. Fla. Mar. 19, 2014), in which the district court dismissed a copyright infringement complaint similar to the Complaint in the instant case based upon improper venue and because geolocation technology cannot identify the infringer [DE 9-1] [1]. Defendant also attached an Order to Show Cause in *Malibu Media, LLC v. John Doe*, Case no. 14-20216-CIV-Moreno (S.D. Fla. Apr. 4, 2014), in which the district court ordered Plaintiff to show cause "why the Court should rely on geolocation services to establish the Defendant's identity and location in this district, as well as why the Southern District of Florida is an appropriate venue for this case" [DE 9-2][2].

Conversely, Plaintiff attached an Order in *Malibu Media, LLC v. John Doe,* Case no. 14-20393-CIV-Altonaga (S.D. Fla. July 17, 2014), in which the district court denied a motion to quash a subpoena to an internet service provider in a copyright infringement case very similar to the instant case, finding that Plaintiff had alleged a plausible link between the assigned IP address and the infringement and that issuance of a subpoena was the only avenue available to Plaintiff to protect its copyrights.  The Court has carefully considered the above described orders as well as additional case law, including *Malibu Media, LLC v. John Doe*, No. 0:14-cv-60259-UU, 2014 WL 261531 (S.D. Fla. May 21, 2014).

The John Doe Defendant's Omnibus Motion, in part, seeks entry of an order to show cause as to why this Court should rely on geolocation technology.  In light of the courts' opinions in *Malibu Media, LLC v. John Doe*, Case no. 14-cv-20213-UU (S.D. Fla. Mar. 19, 2014), *Malibu Media, LLC v. John Doe, subscriber assigned IP address 50.143.69.168*, Case no. 14-20216-CIV-Moreno (S.D. Fla. Apr. 4, 2014), and *Malibu Media, LLC v. John Doe*, No.

---

[1] A review of the docket sheet indicates that this Order was not appealed.
[2] A review of the docket sheet indicates that the Plaintiff voluntarily dismissed its complaint five days after the Order to Show Cause was entered.

0:14-cv-60259-UU, 2014 WL 261531 (S.D. Fla. May 21, 2014), the Court finds that Defendant has raised a legitimate concern as to the accuracy of geolocation technology. If Plaintiff cannot sufficiently establish the accuracy of the geolocation technology, venue in this district has not been established, and the issuance of a Rule 45 subpoena prior to a Rule 26(f) conference would be improper.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Omnibus Motion [DE 9] is **GRANTED IN PART**.

2. Plaintiff shall show cause on or before **March 31, 2015**, why the geolocation technology utilized in this case is accurate and reliable and why this Court should rely on geolocation services to establish Defendant's identify and location in this District, as well as why the Southern District of Florida is an appropriate venue for this case. Defendant shall have until **April 10, 2015**, to respond to Plaintiff's show cause response, and Plaintiff shall have until **April 17, 2015**, to file a reply.

3. The Court reserves ruling on all other aspects Defendant's Motion.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of March, 2015.

WILLIAM MATTHEWMAN
United States Magistrate Judge

5