**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION**

CASE NO. 9:14-cv-81507-KAM

**GOOD MAN PRODUCTIONS, INC.**,

    Plaintiff,

v.

**JOHN DOE, subscriber assigned IP address 71.196.86.255**,

    Defendant.

**JOHN DOE'S REPLY TO PLAINTIFF'S RESPONSE
TO THE COURT'S ORDER TO SHOW CAUSE [CM/ECF 16]**

COMES NOW, undersigned counsel and makes a special and limited appearance on behalf of "John Doe, subscriber assigned IP address 71.196.86.255" (hereafter "JOHN DOE") solely for purposes of replying to Plaintiff's Response to the Court's Order to Show Cause [CM/ECF 16].

I. **INTRODUCTION AND SUMMARY**

On March 16, 2015 this honorable court was persuaded that Plaintiff must show cause to explain why the geolcation technology utilized in this case is accurate and reliable and why this Court should rely on geolocation services to establish Defendant's identity and location in this District, as well as why the Southern District of Florida is an appropriate venue for this case. The take away here is that Plaintiff still has not established that geolocation services can identify the true infringer, but instead only identifies the person or business paying the Comcast bill.[1]

Plaintiff on one breath instructs this Court to accept that the Defendant is the subscriber of the IP address 71.196.86.255, and yet on the previous breath admits that Plaintiff cannot identify the infringer. *Compare* [CM/ECF 16] (Arguing that the Court must construe this threadbare conclusion that ". . . Defendant, subscriber of the IP address 71.196.86.225, is the infringer of Plaintiff's copyrights.") *with* [CM/ECF 11] (". . . Plaintiff has no other way to identify the infringer. . . .").

Defendant John Doe, subscriber 71.196.86.225, has not infringed let alone heard of BitTorrent technology prior to receiving a letter from Comcast identifying Plaintiff as filing a lawsuit in the United States Distrcit Court for the Southern District of Florida. [CM/ECF 9-3]. In fact, Defendant JOHN DOE is 74-1/2 years old and can barely work the internet. *Id.*

Plaintiff attempts to flower the court with statements such as "[w]ithout being able to establish venue based on geolocation technology, Plaintiff cannot enforce its right to sue online infringers." [EM/CMF 16]. However, "[t]he federal courts are not cogs in a plaintiff's copyright-enforcement business model." [CM/ECF 9-2].

---

[1] Defendant JOHN DOE subscriber assigned IP address 71.196.86.255is not required to, nor does he/she admit or deny jurisdiction and venue.

The geolocation technology identifies a subscribers IP address, not the identity and location of an infringer in this Judicial District, as would be required pursuant to 28 U.S.C. § 1400(a).

## II. **DISTINGUISHING WHETHER GEOLOCATION TECHNOLOGY IS RELIABLE TO IDENTIFY AN IP ADDRESS VERSUS WHETHER GEOLOCATION TECHNOLOGY IS RELIABLE TO IDENTIFY THE INFRINGER'S IDENTITY AND LOCATION IN THIS DISTRICT**

"The venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts, rather by the venue provision of the Copyright Act." *Goldberg v. Cameron*, 482 F. Supp. 2d 1135, 1143 (N.D. Cal. 2007) (citing 28 U.S.C. § 1400(a); *Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 176 (1923); *MALIBU MEDIA, LLC v. JOHN DOES*, Civil No. 12-cv-1355-LAB (DHB) (S.D. Cal. Sept. 26, 2012). "In copyright infringement actions, venue is proper `in the district in which the defendant or his agent resides or may be found.'" *Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting 28 U.S.C. § 1400(a)).

Plaintiff admits that geolocation services are not 100% accurate.  Defendant JOHN DOE agrees!  Plaintiff goes on to state that these services can place a user no farther away than a city that borders the user's actual location.  ***Non-sense***.

> In computer networks, a proxy server is a server (a computer system or application) that acts as an intermediary for requests from clients seeking resources from other servers.  A client connects to the proxy server, requesting some service, such as a file, connection, web page, or other resource available from a different server and the proxy server evaluates the request as a way to simplify and control its complexity.  Proxies were invented to add structure and encapsulation to distributed systems.  Today, most proxies are web proxies, facilitating access to content on the World Wide Web and providing anonymity.

*See* Wikipedia, http://en.wikipedia.org/wiki/Proxy_server (as of April 3, 2015, 12:27 p.m. EST).

As an example,

> [a]n anonymous proxy server (sometimes called a web proxy) generally attempts to anonymize web surfing. The destination server (the server that ultimately satisfies the web request receives requests from the anonymizing proxy server, and thus does not receive information about the end user's address.

*Id.* Thus, using a proxy is just *one* simple example that contradicts Plaintiff's assertion that the alleged infringer lives in this District. This precisely correlates the reason this District has held on two separate occasions, *sua sponte*, that "[t]here is nothing that links the IP address location to the identity of the person actually downloading and viewing Plaintiff's videos, and establishing whether that person lives in this district." *Malibu Media v. John Doe,* 14-cv-20213-UNGARO, D.E. No. 10. [CM/ECF 9-1].

Plaintiff's entire argument, if taken as true, can only lead this Court to the conclusion that an IP address of the Comcast subscriber is located in this District, however, it does not mean that the infringer resides in this District or that the Infringer can even be identified. The Comcast subscriber and the infringer are not one in the same.

Therefore, Plaintiff has failed to establish that the Defendant resides in this Judicial District pursuant to 28 U.S.C. § 1400(a).

### III. THE QUESTION HERE RELATES TO EARLY DISCOVERY, NOT WHETHER PLAINTIFF MAY SUE JOHN DOE DEFENDANTS

As previously explained, early discovery is normally barred prior to the Rule 26(f) conference, absent a showing of "*good cause*". *MALIBU MEDIA, LLC v. Doe*, No. 2: 14-cv-511-FtM-38CM (M.D. Fla. Sept. 27, 2014). "The court may however issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe Defendant." *Id*.

In determining whether good cause exists, this Court should consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to

>locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*SKOUT, INC. v. JEN PROCESSING, LTD*, No. 14-cv-02341-JSC (N.D. Cal. Aug. 7, 2014); *PATRICK COLLINS, INC. v. JOHN DOES 1-54*, No. CV-11-1602-PHX-GMS (D. Ariz. Mar. 19, 2012); *Murphy v. THE INTERNATIONAL DRUIDIC SOCIETY*, Civil Action No. 13-511 (E.D. Pa. June 28, 2013). "In this particular case, there is nothing about the IP address that identifies the person actually downloading and viewing Plaintiff's video." [CM/ECF 9]. "Nor does the IP address establish whether the person that did lives in this District." *Id.* In addition, Plaintiff has not demonstrated that there is a reasonable likelihood of being able to identify the infringer through discovery such that service of process would be possible. Thus, according to the third and fourth elements, Plaintiff's suit could not withstand a motion to dismiss.

Rule 12(b)(6), Fed. R. Civ. P., governs motions to dismiss. That rule provides, in relevant part,

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (6) failure to state a claim upon which relief can be granted; . . . .

*Id.*

Rule 8(a)(2), Fed. R. Civ. P., demands that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint need not provide detailed factual allegations, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Wilchombe v. TeeVee Toons, Inc.*,

555 F.3d 949, 958 (11th Cir. 2009); *Corbitt v. Home Depot U.S.A., Inc.*, 573 F.3d 1223, 1256 (11th Cir. 2009); *Cobb v. State of Florida*, 293 F. App'x 708, 709 (11th Cir. 2008); *Watts v. Fla. Int'l Univ*., 495 F.3d 1289, 1295 (11th Cir. 2007). "[N]aked assertion[s]" bereft of "further factual enhancement" do not suffice. *Twombly*, 550 U.S. at 555, 557. As the Supreme Court has explained, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555. "Moreover, the facts supporting the claim must be 'consistent with the allegations in the complaint.'" *Wilchombe*, 555 F.3d at 958 (quoting *Twombly*, 550 U.S. at 562). On a motion to dismiss, the Court should accept the non-conclusory allegations in the complaint as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (internal citation omitted); *see also Cobb*, 293 F. App'x at 709; *Brown v. Budget Rent-A-Car Syst., Inc*., 119 F.3d 922, 923 (11th Cir. 1997).

In the instant case, Plaintiff does not know the identity of the Defendant. *See* [CM/ECF 11]. Further, Plaintiff admits that "geolocation technology is not being used to identify the Defendant [because] Comcast's business records will identify the Defendant." [CM/ECF 16]. If Plaintiff does not know the identify of the infringer, then there is nothing that links Defendant JOHN DOE as the true infringer, but is instead pure speculation. To this end, the Eleventh Circuit recognizes, as would occur in this case, the significant risk that a non-infringing Party could be identified and served. *See MALIBU MEDIA, LLC v. JOHN DOE subscriber assigned IP address 96.254.50.115*, 8:14-cv-01567-VMC-EAJ, [CM/ECF 7] at page 4.

Plaintiff relies upon the Bellwether trial as evidencing in this instance the infringer and the Comcast subscriber are the same, but they are not. This Court cannot look to another case to establish the necessary facts for a cause of action in this case. This is the exact type of naked assertion bereft of further factual enhancement that cannot survive a motion to dismiss, even if Comcast provides the identify of JOHN DOE to Plaintiff. Thus, the Plaintiff has failed to establish the "good cause" required for early discovery.

## IV.   SOUTHERN DISTRICT OF FLORIDA HAS GRANTED SEARCH WARRANTS BASED ON PROBABLE CAUSE, NOT GEOLOCATION TECHNOLOGY

The standard for criminal search warrants is different than the standard for early discovery in copyright infringement cases. "The Fourth Amendment require[s] only 'probable cause . . . to believe the evidence sought *will aid* in a particular apprehension or conviction." *Messerschmidt v. Millender*, 132 S.Ct. 1235, 1248, 182 L.Ed.2d 47 (2012); *Andresen v. Maryland,* 427 U.S. 463, 483, 96 S.Ct. 2737, 2749, 49 L.Ed.2d 627 (1976). Criminal search warrants also do not raise the same jurisdiction and venue requirements as copyright infringement cases, as discussed at Section II, *supra*. Namely, 28 U.S.C. § 1400(a) does not apply for search warrants.

It would be an error for this court to rely on criminal search warrant law to allow for early discovery in a civil copyright infringement matter.

## V.   CONCLUSION

For the foregoing reasons, this Court should dismiss the case for improper venue and personal jurisdiction, and find that Plaintiff has failed to establish the necessary

"good cause" to permit early discovery because Plaintiff failed to establish that the infringer resides in this Judicial District.

Dated: April 6, 2015

Respectfully submitted,

By: s/Matthew Sean Tucker
Matthew Sean Tucker
Florida Bar No. 90047
Tucker IP
2515 Marina Bay Drive West, No. 202
Fort Lauderdale, FL 33312
Telephone: (954) 204-0444
Facsimile: (954) 358-4946
mtucker@tuckeriplaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: s/Matthew Sean Tucker